NO. 07-05-0460-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 29, 2007
_____

MICHAEL GOMEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 04-10-5815; HONORABLE HAROLD PHELAN, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Michael Gomez, was convicted of murder and sentenced to forty years in the Institutional Division of the Texas Department of Criminal Justice and fined $10,000. Appellant challenges the conviction by three issues: 1) that the arrest of appellant was illegal and the evidence obtained as a result of the arrest should have been suppressed; 2) that the trial court erred in refusing to give a requested jury instruction regarding the legality of appellant's arrest; and 3) the evidence was legally and factually insufficient to prove each essential element of the crime charged. We affirm.

## Factual and Procedural Background

In early June 2004, the Lubbock Police Department received a "Crime Line" tip regarding Julio Arismendez, III, and appellant. As a result of the tip, Detective Ray Martinez, of the Lubbock Police Department, began investigating a possible crime involving the two individuals. After some initial investigation, Detective Martinez contacted Hockley County officials about a body found in Hockley County that might be that of Arismendez. The body, which was determined to be Arismendez, was found at an abandoned farm house in Hockley County by Anthony Lozano, a friend of Arismendez, and Genaro Garcia, a cousin of Arismendez.

Subsequently, appellant was arrested in Lubbock by Corporal Ray Lara. Lara initially stopped the vehicle, in which appellant was riding, after ascertaining that a female associated with the vehicle was shown to have an outstanding warrant for her arrest. After determining that there was a female among the three occupants of the vehicle, Lara stopped the vehicle. Appellant was asked to identify himself and gave a fictitious name. Upon discovery of appellant's deceit, appellant was arrested for failure to identify. Incident to the arrest of the female and the appellant, an inventory of the vehicle was performed and items seized from the vehicle were later admitted into evidence at appellant's trial. Additionally, appellant gave incriminating statements to the police after the stop and after being given his Miranda warnings.[1]

---

[1]Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

Appellant filed a motion to suppress the evidence seized and various statements made as a result of the stop of the vehicle and his arrest. The trial court denied appellant's motion to suppress during pretrial hearings. After the evidence at the guilt/innocence phase of the trial had concluded, appellant requested a jury charge on the legality of the arrest and seizure of evidence, pursuant to article 38.23 of the Texas Code of Criminal Procedure. The trial court denied the request. The jury found the appellant guilty and he now appeals.

Initial Detention

Appellant contends that the trial court erred in overruling his motion to suppress because the arrest was made without reasonable suspicion or probable cause. Appellant posits that, as a result of the illegality of the arrest, the evidence seized at the time of the arrest and the subsequent statements made by appellant should have been excluded. Appellant based his suppression motion and objections to the evidence on the Fourth and Fourteenth Amendments to the United States Constitution; article I, section 9 of the Texas Constitution; and article 38.23 of the Texas Code of Criminal Procedure.

Appellant contends the testimony of Lara did not establish any legal justification to stop the vehicle in which appellant was riding. The record reveals that Lara was on patrol in the city of Lubbock when he began to pass the vehicle in which appellant was riding. As Lara got next to the vehicle, he looked at the driver, who appeared nervous, and saw the right front passenger bend down and commence what Lara described as "a lot of furtive movement." Based upon these observations, Lara made a determination to run the vehicle's registration number for warrants. He pulled in behind the vehicle and ran the

3

vehicle's registration number. The registration check revealed that the owner, a young female, had a warrant outstanding. Lara testified that he then pulled next to the vehicle at a traffic light to determine if any passengers were female. Upon observing that a passenger was a female, Lara got behind the vehicle and initiated a traffic stop.

Appellant zeroes in on Lara's testimony on cross-examination when Lara agreed with the statement of appellant's counsel that, after obtaining the information from the computer and verifying that a passenger was female, "Basically you are guessing that that was who it was." Appellant asserts that this testimony on cross-examination dooms the admission of any evidence or statements obtained as a result of the stop because it proves that Lara had neither probable cause nor a reasonable suspicion to support the initial stop of the vehicle.

We generally review the granting or denial of a motion to suppress under an abuse of discretion standard. See Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). However, if the facts determinative of the motion are undisputed, then the review is *de novo*. Id. When, as here, there are no explicit findings of fact made by the trial court, appellate courts assume that the trial court made implicit findings of fact which find support in the record and which support the conclusion of the court. See State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000).

In determining if Lara's temporary detention of the vehicle was justified, we must determine whether Lara articulated specific facts which, when taken together with rational inferences arising from those facts, constitute reasonable suspicion. See Woods v. State,

4

956 S.W.2d 33, 38 (Tex.Crim.App. 1997). The decision to detain someone is made from a consideration of the totality of the facts. Garcia v. State, 43 S.W.3d 527, 530 (Tex.Crim.App. 2001).

Lara's testimony reveals the following facts relied upon in deciding whether or not to detain the vehicle: 1) the nervous appearance of the driver when he noticed the police car; 2) the passenger ducking down below eye level while making furtive movements; 3) obtaining the computer readout on the vehicle's registration that showed a female associated with the vehicle had an outstanding warrant; and 4) ascertaining that a passenger was, in fact, a female. This information was sufficient to justify Lara's stop of the vehicle, as it was more than just a hunch or some unparticularized suspicion of wrongdoing. United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct 1581, 104 L.Ed.2d 1 (1989). The appellant relies upon words taken from precise questions to attempt to demonstrate that Lara lacked any reasonable suspicion to detain the vehicle in which appellant was riding. However, as pointed out above, it is the totality of the circumstances that must be considered. Garcia, 43 S.W.3d at 530. When the totality of the circumstances are reviewed, it is clear that the officer articulated very specific facts to support his reasonable suspicion to stop the vehicle, therefore, the trial court did not err in denying the motion to suppress. We overrule appellant's first issue.

Charge Error

Appellant next contends that the trial court committed reversible error when it refused to grant a jury instruction, pursuant to article 38.23 of the Texas Code of Criminal

Procedure. That article provides that no evidence may be admitted into evidence against an accused if obtained by law enforcement in violation of any provision of the Constitution and laws of either the United States or the State of Texas. The statute further provides:

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp. 2006).

Appellant contends that the evidence before the jury regarding Lara's reasons for the initial detention of the vehicle raised the issue and, therefore, the jury should have been instructed as per the article. The record reflects Lara was the only witness who testified in front of the jury regarding the facts of the initial detention.

A fact issue about the initial stop may be raised from any source and the evidence may be weak, strong, contradicted, unimpeached, or unbelievable. Garza v. State, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004). However, the jury is required to receive an article 38.23 instruction only when the trial evidence raises a factual issue regarding whether the evidence was obtained in violation of the Constitution or laws of the United States or the State of Texas. See Bell v. State, 938 S.W.2d 35, 48 (Tex.Crim.App. 1996).

The evidence before the jury is not disputed. The only dispute involved the meaning of the words used by Lara to describe his observations before detaining the vehicle appellant was a passenger in. That dispute is a question of law for the trial court in making a ruling on the reasonableness of the initial detention. This determination was made by

6

the trial court at the suppression hearing. Because the evidence surrounding the initial stop was not disputed, appellant was not entitled to the instruction under article 38.23. Id. Accordingly, the trial court did not commit reversible error. Appellant's second issue is overruled.

Legal and Factual Sufficiency

Appellant next contends that the evidence was legally and factually insufficient to prove two particular elements of the offense of murder, as alleged against him. Specifically, appellant alleges that the evidence was insufficient to prove that the body found at the abandoned farmhouse was that of the victim alleged in the indictment, Julio Arismendez, III. Further, appellant alleges that the evidence was insufficient to prove that the murder occurred in Hockley County, Texas, as alleged in the indictment.

Addressing the Hockley County challenge, we note the allegation that the murder occurred in Hockley County is a venue allegation. During the trial, there was no issue raised regarding the venue of the offense being proper in Hockley County. Venue is not a constituent element of the offense charged. State v. Blankenship, 170 S.W.3d 676, 681 (Tex.App.–Austin 2005, pet. ref'd). It is presumed that venue was proved at trial, unless disputed at trial or the record affirmatively shows the contrary. Id. (citing TEX. R. APP. P. 44.2(c)(1)). Further, the Texas Code of Criminal Procedure provides, in article 13.07, that:

> If a person receives an injury in one county and dies in another by reason of such injury, the offender may be prosecuted in the county where the injury was received or where the death occurred, or in the county where the dead body is found.

7

TEX. CODE CRIM. PROC. ANN. art. 13.07 (Vernon Supp. 2006). Even had appellant contested the proof of venue at trial, which he did not, the criminal procedure rules of the State of Texas allow venue based on proof of where the body of a deceased was found. Accordingly, appellant's contention regarding the sufficiency of the evidence relating to the Hockley County allegation is overruled.

Next, regarding the legal and factual sufficiency of the evidence regarding the identity of the victim, when both legal and factual insufficiency are raised, we will first address the issue of legal sufficiency. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). If the evidence is legally sufficient, we then review the factual sufficiency challenge. See id.

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988)

The indictment alleges, in relevant part, ". . . intentionally or knowingly cause the death of an individual, namely, Julio Arismendez III . . . ." The State provided evidence that indicated that the body was found by a cousin and a close friend of Julio Arismendez, III.

8

Each testified that the body was that of Arismendez and that it was identifiable by a tattoo and the shirt he was wearing. At trial, there was no confusion nor doubt in this testimony. When this evidence is viewed in the light most favorable to the verdict, we cannot say that a jury was acting irrationally in finding the appellant guilty as charged, including the alleged identity of the victim.

Having determined that the evidence was legally sufficient, we now turn our attention to the factual sufficiency of the evidence. When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Regarding the issue of the identity of the victim, we have previously reviewed the evidence relied upon by the State to prove that the victim was Julio Arismendez, III. Even when viewed in a neutral light, we cannot say that the jury was not rationally justified in

9

finding the appellant guilty of murder. This finding would include a finding that the victim was Julio Arismendez, III, as alleged in the indictment.

As required, we will address the most important evidence that the appellant says undermines the jury's verdict. Id. Appellant contends that witness Garcia was unsure of his identification of the body. This is based on cross-examination of the witness where he testified that he was only in the house for about 10 seconds, turned to leave, then turned back around to make sure it was Arismendez because he wasn't quite sure. Witness Lozano then testified he had to identify Arismendez by a shirt he was wearing. However, the jury heard this testimony and resolved the issue in question against appellant. We are mindful that we are required to give due deference to the jury's findings when supported by the evidence. Watson, 204 S.W.3d at 417. The balance of appellant's argument is not a discussion of evidence that counters the State's proof of the identity of the victim, rather it is a complaint about what the State did not do. Appellant complains that the State offered no DNA comparison from a known sample of Arismendez, no fingerprint comparison from Arismendez, and no comparison of dental records from the known dental records of Arismendez. While appellant may be correct that there was much more that could have been done to prove the victim's identity, that is not the test. Rather, the question is, was there evidence before the jury that undermines our confidence in the jury verdict to the point that we are inclined to say that no rational jury could have found against the appellant beyond a reasonable doubt on this issue. Id. The answer is no, there is no evidence that would so undermine our confidence in the jury's verdict. Therefore, appellant's contention regarding the legal and factual sufficiency of the evidence to prove

the identity of Julio Arismendez, III, as the victim of the murder is overruled.  Finding the evidence both legally and factually sufficient to support appellant's conviction for murder, as alleged, we overrule appellant's third issue.

Conclusion

Having overruled all of appellant's issues, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Publish.

11